**Joan LEGENO, Plaintiff–Appellant,**

v.

**The CORCORAN GROUP,
Defendant–Appellee.**

**No. 07–2026–cv.**

United States Court of Appeals,
Second Circuit.

Jan. 28, 2009.

**496**

Joan Legeno, pro se, Brooklyn, N.Y., for Plaintiff–Appellant.

John A. Snyder II and Matthew A. Steinberg; Jackson Lewis, LLP; New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Joan Legeno, *pro se,* appeals from the March 5, 2007 judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*) granting Defendant–Appellee's motion to dismiss her employment discrimination complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We presume the parties' familiarity with the facts and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). "[H]owever inartfully pleaded, a *pro se* complaint may not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Posr v. Court Officer Shield No. 207,* 180 F.3d 409, 413–14 (2d Cir.1999) (alteration in original) (citation and internal quotation marks omitted). "We may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken." *Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085, 1092 (2d Cir.1995).

The Age Discrimination in Employment Act of 1967 ("ADEA") prohibits employers from discriminating against their employees because of age, but its coverage does not extend to independent contractors. *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 509 (2d Cir.1994). Whether an individual is an employee or an independent contractor is determined under common law agency principles. *See Frankel v. Bally, Inc.,* 987 F.2d 86, 90 (2d Cir.1993). Those principles require a court to consider a non-exhaustive list of various factors:

■ the hiring party's right to control the manner and means by which the product is accomplished ... [;][2] the skill required; [3] the source of the instrumentalities and tools; [4] the location of the work; [5] the duration of the relationship between the parties; [6] whether the hiring party has the right to

assign additional projects to the hired party; [7] the extent of the hired party's discretion over when and how long to work; [8] the method of payment; [9] the hired party's role in hiring and paying assistants; [10] whether the work is part of the regular business of the hiring party; [11] whether the hiring party is in business; [12] the provision of employee benefits; and [13] the tax treatment of the hired party. *Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 751–52, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989) (footnotes omitted); *accord Eisenberg v. Advance Relocation & Storage, Inc.,* 237 F.3d 111, 113–14 (2d Cir.2000). Although no one factor is dispositive, *see Reid,* 490 U.S. at 752, 109 S.Ct. 2166, "the 'greatest emphasis' should be placed on the first factor—that is, on the extent to which the hiring party controls the 'manner and means' by which the worker completes his or her assigned tasks," *Eisenberg,* 237 F.3d at 114 (citation omitted). We review a district court's factual determination as to whether each *Reid* factor is present for clear error, although the ultimate legal determination as to whether an individual is an employee or independent contractor is reviewed *de novo. Id.* at 115.

■ Here, Legeno alleged that she applied for two positions with the Corcoran Group, an off-site real estate agent position and an on-site real estate salesperson position. However, the district court appears to have considered only the off-site position, and dismissed the complaint in partial reliance on the Independent Contractors Agreement, which set forth the details of the broker-agent relationship.

The terms of the Independent Contractors Agreement appear to apply to the off-site position, but contradict the description given by Legeno of the on-site position in several respects. In particular, the Agreement provided that an agent shall not receive any remuneration other than commissions, while Legeno alleged that the on-site position paid $15 per hour plus a commission of $200 per apartment sold. We recognize that a salary component, standing alone, does not necessarily resolve the issue in Legeno's favor. *Cf. id.* at 117 ("[I]n anti-discrimination cases such as this one, courts *should not* ordinarily place extra weight on the benefits and tax treatment factors enumerated in *Reid,* and *should* instead place special weight on the extent to which the hiring party controls the 'manner and means' by which the worker completes her assigned tasks."). The duties of an on-site sales agent presumably require the agent to work at a specific location and during fixed hours, and these factors, combined with a set salary, may be indicative, under *Reid,* of an employee relationship.

In light of the scant factual record before this Court regarding the "manner and means" by which the on-site salesperson would complete his or her tasks, it cannot be determined whether the on-site sales position is that of an employee or independent contractor. Resolution of this issue requires further fact-finding. Accordingly, we conclude that it was premature to grant the motion to dismiss.

■ Furthermore, we respectfully disagree with the magistrate judge's alternative recommendation that Legeno failed to allege facts that would create a reasonable inference of age discrimination, as Legeno alleged that her interviewer "repeatedly intimated that [she] was too old for the position," in addition to referencing the year of her college graduation. Such allegations by a *pro se* plaintiff are sufficient to withstand a motion to dismiss. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

For the foregoing reasons, the judgment of the district court is VACATED and the matter is REMANDED for further proceedings.